Richard DORWOOD

v.

James H. McFETRIDGE, individually and doing business as Commonwealth Credit Adjustment Service.

Civ. A. No. 85–0655.

United States District Court, E.D. Pennsylvania.

April 8, 1986.

Robert P. Boychak, Feasterville, Pa., for plaintiff.

Richard W. Kolofky, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

This case requires the Court to decide whether to grant defendant relief from a

default judgment. Termination of cases by default or other procedural means which foreclose consideration of the merits are normally to be avoided. However, the Court possesses "inherent power" to manage its docket "to achieve the orderly and expeditious disposition of cases". *Hritz v. Woma*, 732 F.2d 1178, 1181 (3d Cir.1984), quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). The granting of default judgments is one manifestation of that power, as is the discretion to open or not to open such judgments based upon the circumstances of each case.

The Court of Appeals has admonished trial courts to "weigh the equities of the situation" in a case which falls "[b]etween the extremes of repeated contumacious conduct and innocent procedural error" and in which the defendant requests relief from judgment. *Hritz v. Woma, supra,* at 1181. Moreover, the Court has specifically identified three factors which must be included in the balancing process:

1. whether the plaintiff will be prejudiced if the default is lifted;

2. whether the defendant has a meritorious defense;

3. whether the default was the result of the defendant's culpable misconduct.

*Id.* With these considerations in mind, we begin our analysis with a recitation of the facts.

On February 7, 1985, plaintiff Richard Dorwood filed suit against the defendant James McFetridge, Credit Adjustment Service, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* When defendant failed to respond to the complaint, Dorwood sought a default judgment in the amount of $1,300 ($1,000 statutory damages and, presumably, $300 costs and attorney's fees. 15 U.S.C. § 1692k(a)(2)(A) and (3)). Judgment was entered by the clerk on November 19, 1985, pursuant to Fed.R. Civ.P. 55(b)(1).

Defendant McFetridge had been served with the complaint on February 12, 1985, and had thereupon consulted an attorney. At that time,

after defendant and his counsel had a discussion wherein it was decided that no responsive pleading would be filed, counsel represented to the Defendant that he would receive a Notice of Default and a scheduled date of hearing concerning same prior to a judgment being entered against him, wherein arguments regarding the merits of the case would be entertained by the Court, although he knew or should have known same to be untrue. (Defendant's Motion for Relief from Judgment, Doc. # 5, ¶ 6).

When defendant became aware of the judgment entered against him, he realized that his reliance upon the foregoing advice was misplaced and he consulted a different attorney.

On December 4, 1985, McFetridge's new counsel contacted plaintiff's attorney by telephone to request that plaintiff's counsel refrain from executing on the judgment, agree to open the default and agree to grant defendant an additional thirty days in which to file an answer. The conversation was confirmed by a letter dated December 31, 1985. (Plaintiff's Opposition to Defendant's Motion for Relief from Judgment, Doc. # 7, Exhibit B). Plaintiff's counsel responded with a letter, dated January 13, 1986, in which he refused to agree to reopen the matter. (*Id.,* Exhibit C). Despite this exchange of correspondence, defendant's January 27, 1986, motion for relief from judgment and for a thirty-day extension of time to file a responsive pleading, was accompanied by a certification that the motion was uncontested.

In applying the balancing process mandated by the Court of Appeals we begin with what the Court has termed the "threshold issue", *i.e.,* whether the defendant has asserted a meritorious defense. Defendant has not, as yet, proferred any defense to the claim. Instead, he seeks an additional thirty days after the date of an order opening the judgment in which to respond to the complaint. The Federal Rules of Civil Procedure allow a defendant

twenty days after service of the complaint to file a response. Fed.R.Civ.P. 12(a). Defendant in this case has not offered any justification for his request for an additional ten days beyond the usual period prescribed by the rules. He has already had more than a year in which to prepare a response. While it is true that defendant's present counsel did not represent him when the complaint was served, this attorney first contacted plaintiff's counsel on defendant's behalf in early December, 1985. The motion for relief from judgment was not filed until January 27, 1986. Thus, even present counsel has already exceeded the twenty-day response time prescribed by the rules, and seeks still more time. In the absence of another explanation or excuse, the logical inference to be drawn from these delays is that defendant lacks a meritorious defense to the claim. Consequently, the first consideration in determining whether or not to open the judgment weighs in favor of letting it stand.

Next, we consider the extent to which the default resulted from defendant's culpable misconduct. Here, the Court of Appeals has provided additional guidance for evaluating defendant's actions. Defendant's failure to timely answer the complaint must amount to more than "mere negligence"; "willfulness" or "bad faith" is the standard. *Hritz v. Woma, supra,* at 1182, *Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120 (3d Cir.1983), *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653 (3d Cir. 1982). Moreover, the Court should also consider the extent of the party's personal responsibility, as well as his attorney's conduct. *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir.1984).

Defendant McFetridge admits to having participated in a conscious, reasoned decision not to respond to the complaint. (*See,* Defendant's Motion for Relief from Judgment, Doc. # 5, ¶ 6). According to his motion for relief from judgment, that decision was made prior to counsel's false or erroneous representation that defendant would have another "bite at the apple" before facing final judgment. Even if McFetridge had relied upon his attorney's representa-

tion that there would be no judgment without a hearing, he acquiesced in causing a deliberate delay in the proceedings. Such conduct amounts to the "bad faith" or "willfulness" necessary to sustain a default. Certainly, it may be termed an "act intentionally designed to avoid compliance with court notices". *Hritz v. Woma, supra,* at 1183.

Moreover, failure to answer the complaint for the purpose of delaying the necessity of defending the action is not the only conduct which may be termed "willful". Defendant's current attorney represented to the Court, falsely or erroneously, that the motion to open the judgment and grant an extension of time to answer the complaint was uncontested. Thus, it appears that defendant continues his attempts to delay court proceedings in this matter while avoiding the consequences of his failure to assert a defense.

The third factor which must be considered is whether the plaintiff will be prejudiced if the default is lifted. Ordinarily, in a case which does not appear to involve complicated issues, this factor would weigh in favor of opening the default. The Court would not expect a delay, even one as lengthy as that here involved, to substantially affect the trial date. Ordinarily, the Court would expect defendant's utmost cooperation in achieving an expeditious resolution of a case involving a substantial delay attributable to the defendant. However, from defendant's conduct in this case, which has spanned the services of two different attorneys and which has already delayed the case for more than a year, the Court has no reason to expect prompt and reliable cooperation from the defendant in making up the time lost by his decision not to answer the complaint in the first instance. Thus, we conclude that the plaintiff is likely to be prejudiced if the case were reopened since defendant's primary objective appears to be postponing a defense on the merits for as long as possible. Certainly, defendant's failure to assert a defense, his request for thirty additional days in which to answer the complaint, and

counsel's misrepresentation, whether deliberate or innocent, as to plaintiff's position with respect to the instant motion do not inspire confidence in defendant's good faith and future willingness to resolve the issues on the merits without further delays.

We conclude that all of the factors to be considered in determining whether a default judgment should be lifted weigh in favor of leaving the judgment undisturbed in this case.

## ORDER

AND NOW, this 8th day of April, 1986, upon consideration of defendant's motion for relief from judgment and for an extension of time in which to respond to the complaint and plaintiff's response thereto, IT IS ORDERED that the motion is DENIED.