863 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STONES RIVER MOTORS, INC., Plaintiff-Appellant,
v.
NISSAN MOTOR MANUFACTURING CORPORATION, U.S.A.; Nissan
Motor Corporation, In U.S.A., Defendants-Appellees.
 No. 88-5242.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1988.
 
 Before LIVELY, DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from an order of the district court dismissing this action with prejudice pursuant to Rule 37(d)(2), Fed.R.Civ.P., for violation of a court order that denied the defendants' motion to stay all discovery "except that all discovery shall be for use in this litigation only and shall not be used for any other purposes." Some five months after entry of this order, the defendants filed a motion for sanctions, charging that the plaintiff and its counsel had violated the order and two protective orders entered thereafter. In their motion the defendants requested the court to dismiss the plaintiff's case with prejudice or, in the alternative, to impose such sanctions as the court might deem appropriate in view of the severity of the misconduct. After an initial hearing at which counsel argued the issue of sanctions, the court conducted an evidentiary hearing over a period of four days, following which it dismissed the action with prejudice.
 
 
 2
 The district court filed a twenty-six page memorandum with its order of dismissal. In that memorandum the district court recited the background of the case and the occasion for entry of the order limiting use of discovery materials. The district court then listed sixteen separate actions by the president of the plaintiff corporation, himself a former practicing attorney, or the plaintiff corporation's counsel in this case which violated the orders. The court found that proceedings before the Tennessee Motor Vehicle Commission involving issues that were either closely related or identical to those in this action were "littered with violations of the court's discovery orders." The district court found that its order quoted herein was unambiguous and it did not credit the statement of plaintiff's counsel that he construed the order so narrowly that none of his activities or those of the corporation's president for which sanctions were sought violated the order.
 
 
 3
 On appeal the plaintiff contends that the district court abused its discretion by not considering the meritoriousness of the plaintiff's case and the fact that dismissal presented the defendants with a windfall, the question of prejudice to the defendants, and whether other less drastic sanctions would have the same deterring effect. The plaintiff relied principally upon Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir.1984). That case involved the failure of a party to make a timely response to interrogatories for which the district court entered a dismissal sua sponte. Poulis was not a case in which the district court had entered a clear order regulating discovery and a party committed numerous violations of that order. Also, in Poulis there was only a failure of counsel to follow rules. In this case, the district court found that the president of the corporate plaintiff, himself a lawyer, participated along with counsel in violating the court's order. In Poulis, the court listed as the first factor to be considered in determining the appropriate sanction "[t]he extent of the party's personal responsibility." In Poulis there was no showing of personal responsibility by the parties; the entire blame lay with counsel. In contrast, an examination of the responsibility of the corporate plaintiff in this case, acting through its president, militates in favor of a severe sanction.
 
 
 4
 The present case is more like Regional Refuse Systems v. England Reclamation Company, 842 F.2d 150 (6th Cir.1988). In that case the plaintiff himself had engaged in conduct which the district court found to be outrageous and "beyond the realm of which the other parties to the action and their counsel should be made to tolerate." Id. at 155. In affirming dismissal in Regional Refuse Systems, this court noted especially that it was not a case in which the party was blameless or in which someone had simply failed to appear. The court then listed other factors beyond the responsibility of the party, including whether the other party was prejudiced, whether the dismissed party was warned that the failure to cooperate could lead to dismissal, and whether less drastic sanctions were imposed or considered before dismissal was ordered. Id.
 
 
 5
 It is settled that dismissal orders by a district court under Rule 37(b)(2) are reviewable only for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976). Tested by this standard, the district court's order of dismissal must be upheld. An examination of the memorandum filed by the district court reveals very careful consideration of the required factors and a determination to apply the severe sanction of dismissal with prejudice based on findings of fact that are not clearly erroneous.
 
 
 6
 The judgment of the district court is affirmed. The request by the defendants that this court impose additional sanctions for a frivolous appeal is denied.