In re REDDINGER COAL COMPANY,
INC., Debtor.

REDDINGER COAL COMPANY,
INC., Plaintiff,

v.

ANDERSON EQUIPMENT COMPANY,
Defendant.

ANDERSON EQUIPMENT
COMPANY, Movant,

v.

REDDINGER COAL COMPANY,
INC., Respondent.

REDDINGER COAL COMPANY,
INC., Movant,

v.

ANDERSON EQUIPMENT COMPANY,
Respondent.

Bankruptcy No. 90–00482E.
Adv. No. 91–0105.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 13, 1993.

Thomas M. MacKall, Pittsburgh, PA, for Anderson Equipment Co.

Stephen J. Laidhold, Pittsburgh, PA, for Reddinger Coal Co., Inc.

OPINION

WARREN W. BENTZ, Bankruptcy Judge.

*Introduction*

Presently before the Court is the second motion of Anderson Equipment Company ("Anderson") to impose sanctions as a result of the failure of Reddinger Coal Company, Inc. ("Debtor") to comply with its discovery obligations ("Second Motion"). Also before the Court is the Debtor's motion to compel discovery and impose sanc-

tions against Anderson ("Debtor's Motion").

### Anderson's Second Motion

The Debtor filed its voluntary Petition under Chapter 11 of the Bankruptcy Code on July 2, 1990. On August 9, 1991, the Debtor filed the within Complaint to recover damages which it alleges were incurred as a result of Anderson's negligent performance of maintenance updates and repairs to a Komatsu bulldozer owned by the Debtor.

Anderson timely filed an answer to the Complaint. The first pretrial conference was held on September 16, 1991 and a Scheduling Order was issued on September 17, 1991 providing for a discovery period of 90 days followed by Pretrial Statements and fixing a Pretrial Conference for January 16, 1992. At the request of the parties, numerous extensions to the Scheduling Order have been granted. The final Scheduling Order required completion of discovery by August 24, 1992. On August 24, 1992, we vacated our prior Scheduling Orders pending resolution of the discovery/sanction issues.

On June 24, 1992, Anderson filed its first motion to compel discovery and impose sanctions. A hearing was held on July 9, 1992.

It was determined that Anderson served the Debtor a set of interrogatories and a document request on December 27, 1991. The Debtor failed to respond to the discovery requests in any manner until June 22, 1992, twenty-four days after Anderson served its first motion to compel discovery and impose sanctions. The Debtor offered no credible explanation for its failure to timely respond. Further, the late responses to interrogatories which the Debtor provided on June 22 were seriously deficient and failed to provide substantial pieces of information.

We issued an Order on July 22, 1992 which 1) required that the Debtor comply with Anderson's discovery requests within 20 days, 2) stated that the Debtor has waived all objections to Anderson's discovery requests, and 3) awarded Anderson expenses and fees incurred as a result of the Debtor's refusal to comply with discovery obligations.

On August 13, 1992, Anderson filed its Second Motion which requests that the Complaint be dismissed for failure of the Debtor to comply with the July 22 Order and that Anderson be awarded fees and expenses incurred as a result of the Debtor's failure to comply. A hearing was scheduled for August 20, 1992. In the interim, the Debtor's Motion was filed on August 14, 1992.

■ As of the time of the hearing on August 20, 1992, the Debtor asserts that Anderson had been provided with a copy of the expert's report by Norman A. Cope concerning the cause of the engine failure. The Debtor had failed to supplement its answers to interrogatories. Despite the passage of a year since the filing of its Complaint, the Debtor had provided Anderson with no information about their claims for damages including the factual basis for the claim of loss of revenue, the claim for unnecessary removal, installation and transportation expense and the claim that the value of the bulldozer decreased by $50,000. Counsel for the Debtor offered as an excuse for the failure to provide information on damages, that the accountant working at the Debtor's facility is leaving for other employment. We find this preposterous—the accountant was available during the year prior to the August 20, 1992 hearing.

Debtor's counsel's cavalier attitude manifests itself in other ways. In response to the Court's inquiry as to how soon the Debtor would be able to furnish information on damages, Debtor's counsel replied, "if we have a deadline, I'll get him his information." Debtor's counsel must have forgotten that numerous deadlines had been fixed in this matter, the latest by our July 22, 1992 Order. That deadline passed without the information being provided; without a request for an extension; without a request for a protective order; without any communication whatsoever.

Anderson's counsel attempted to contact Debtor's counsel on the day that our July 22 Order provides that the information was due. Debtor's counsel received the message which stated "call by noon." Debtor's counsel stated that he received the message at 2:00 p.m., that he doesn't like those messages, and it was after the fact, anyway. Debtor's counsel never returned the call. .

We continued the August 20, 1992 hearing until September 17, 1992. On September 10, 1992, the Debtor finally supplied a supplemental response to Anderson's interrogatories which included the Norman Cope expert report which the Debtor had received in April or May, 1992 and some information on damages.

The Debtor has yet to fully respond to interrogatories including those related to warranties, and those requesting information on other heavy equipment.

In addition, the Debtor has failed to produce documents which it refers to in its answers to interrogatories and in its expert report, for example, the operator logs, the Komatsu log, and the documents used to calculate the cost of coal.

We find that the Debtor's excuses are frivolous and that Debtor's counsel's tactics are evasive and dilatory. Notwithstanding our prior Orders, the Debtor, through counsel, persists in the refusal to cooperate.

■ Anderson seeks dismissal of the Complaint. Certainly, dismissal is an option. Fed.R.Civ.P. 37(b)(2). Dismissal is an extreme discovery sanction. In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.1984), the Third Circuit examined the factors to be considered in determining whether dismissal is an appropriate discovery sanction. *See also C.T. Bedwell & Sons v. Intern. Fidelity Ins. Co.*, 843 F.2d 683 (3d Cir.1988). The six factors identified in *Poulis* are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the

attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted).

Certain of the *Poulis* factors clearly weigh in favor of dismissal of the within Complaint, i.e., a history of dilatoriness, conduct was willful or in bad faith, and the effectiveness of other sanctions. However, it is not clear that analysis of the remaining factors results in a decision to dismiss. In view of the fact that the dilatory conduct of Debtor's counsel may not necessarily be imputed to the Debtor and because of the lack of prior warning that the Debtor may suffer dismissal, we think it more appropriate to award Anderson additional sanctions in the form of attorney's fees and expenses at this time along with the issuance of a stern warning to the Debtor: provide full and complete discovery promptly or suffer dismissal of the Complaint.

### Debtor's Motion

■ On August 17, 1992, after Anderson's Second Motion was filed as a result of the Debtor's continued failure to meet its discovery obligations, Debtor's Motion was filed. The Debtor asserts that its Motion "is occasioned by the willful refusal of [Anderson] to respond to interrogatories which were served on August 28, 1991." The Debtor asserts that it is entitled to complete answers to certain interrogatories propounded to Anderson, but fails to set forth an explanation of how Anderson's answers are deficient.

Anderson, unlike the Debtor, did not ignore its discovery obligations. Anderson timely responded to the Debtor's Interrogatories and Requests for Production. In its responses to the Debtor's discovery requests, Anderson set forth a number of objections. Anderson also provided answers to certain interrogatories and stated that it would produce responsive documents. Debtor's counsel inspected the documents at Anderson's counsel's office. Counsel for Anderson promptly provided copies of the requested documents on October 24, 1991.

After receiving the documents on October 24, 1991, the Debtor took no action to obtain supplemental answers to interrogatories. At no time until July 9, 1992, in a hearing on Anderson's motion to compel and for sanctions did the Debtor suggest that it was dissatisfied with discovery provided by Anderson.

By letter of July 15, 1992, counsel for the Debtor asked for supplemental answers to its interrogatories. This request was made nearly nine months after Debtor had received Anderson's original responses and only after Anderson had filed its first motion to compel and for sanctions. Anderson, in a letter of the same date, July 15, 1992, expressed a willingness to supplement its responses if the Debtor would identify areas of concern. The Debtor made no effort to narrow the scope of its request or identify its areas of concern. Local Bankr.R. 7037.1 F prohibits filing any discovery motion "until counsel makes a good faith effort to resolve with opposing counsel the discovery matters in controversy." Thus, Debtor's Motion is improper.

Further, upon review of Anderson's responses to the Debtor's interrogatories, we find that Anderson's objections are valid. This is especially so because, despite its objections, Anderson provided documents containing much of the information requested. Anderson has also indicated a willingness to provide supplemental information if the Debtor will more narrowly focus its request.

If the Debtor's Motion was in fact anything more than a tactic to attempt to undercut Anderson's motions to compel and for sanctions, the Debtor would have moved to compel earlier, filed a motion with some explanation of why it should be entitled to the discovery at issue, and engaged in good faith dialogue with Anderson to resolve these issues. The Debtor has done none of this. Debtor's Motion will be dismissed.

An appropriate Order will be entered.