**Mary A. STONE, Plaintiff,**

v.

**JEFFERSON HOSPITAL, et al., Defendants.**

No. 95–CV–547.

United States District Court E.D. Pennsylvania.

Nov. 13, 1995.

Mary A. Stone, pro se.

Debbie Rodman Sandler, White and Williams, Philadelphia, PA, for Jefferson Hospital, Meyer and Parker.

Michael L. Banks, Barry E. Gosin, Morgan, Lewis & Bockius, Philadelphia, PA, for University of Pa. Hospital.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

We address today the motion filed by Defendant Thomas Jefferson University for dismissal of this case pursuant to Fed.R.Civ.P. 37. For the reasons that follow, the motion will be granted.

### *BACKGROUND*

Plaintiff, proceeding *pro se*, filed a complaint in this Court on February 3, 1995, naming as defendants Thomas Jefferson University ("TJU"), the Hospital of the University of Pennsylvania ("HUP"), and a number of

individual defendants. On June 1, Defendants submitted a motion to dismiss the bulk of the complaint. When Plaintiff failed to respond within the time allotted in the Local Rules, we issued an Order commanding Plaintiff to file a response within fourteen days, or else face an adverse ruling. Plaintiff contacted the Court by letter, and pleaded that we not dismiss her case, but provided no legal or factual rationale in opposition to Defendants' motion. Accordingly, on July 28, we entered an Order dismissing the complaint as to the individual defendants and dismissing a number of claims as to TJU. For its part, HUP filed a motion to dismiss the complaint as to it on July 31. When Plaintiff failed to respond to this motion, we granted it on September 27.

Meanwhile, on August 14, TJU served on Plaintiff a request for production of documents, with production scheduled to occur on September 25. Despite the fact that she did not object to the document request, Plaintiff did not appear on September 25, and failed to produce a single document. Thus, on September 27, TJU contacted Plaintiff by letter, and advised Plaintiff that her deposition was scheduled for October 2, and that she could bring the documents with her at that time. Moreover, Plaintiff was notified that she was required to attend the deposition, and that failure to do so could have adverse consequences. Plaintiff failed to appear for the deposition. Thus, on October 25, TJU, the sole remaining defendant, filed the instant motion under Rule 37. TJU asks this Court to dismiss the case as a sanction for Plaintiff's failure to participate in discovery. Plaintiff has failed to respond to the instant motion.

### ANALYSIS AND CONCLUSION

■ The exercise of the district court's discretion in deciding whether to dismiss a case under Rule 37 is guided by the Third Circuit's opinion in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir. 1984). Thus, the court is to examine (1) the extent to which the party is personally responsible; (2) whether there is prejudice to the adverse party; (3) the extent to which there is a history of dilatoriness; (4) whether the conduct is taken in bad faith; (5) whether an alternative sanction might be more appropriate; and (6) the meritoriousness of the claim. *Id.* at 868. Moreover, we note that "[n]ot all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989).

■ Applying these factors to this case, we note that Plaintiff, as a *pro se* litigant, is alone responsible for her apparent refusal to participate in discovery. Moreover, Plaintiff's failure to produce relevant documents and to appear for a deposition prejudice Defendant's ability to defend the case. With regard to the factor regarding dilatoriness, Plaintiff has failed to respond to two motions to dismiss, failed to comply with a request for production of documents, failed to appear for a properly noticed deposition, and failed to respond to this motion. Finally, as Plaintiff is proceeding *in forma pauperis* in this action and has refused to provide any discovery, we conclude that an alternative sanction would be ineffective. While we recognize the disadvantage that Plaintiff faces as a *pro se* litigant, and have considered her status in previous rulings, her complete and repeated refusal to participate in these proceedings renders this case an appropriate one for dismissal. Accordingly, Defendant TJU's motion will be granted.

An appropriate order follows.

### ORDER

AND NOW, this 13th day of November, 1995, upon consideration of the Motion of Defendant Thomas Jefferson University to Dismiss the Complaint pursuant to Fed. R.Civ.P. 37, and it appearing to the Court that said Motion is unopposed under Local Rule 7.1(c), it is hereby ORDERED that said Motion is GRANTED. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.