

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2007

# Hammer v. Cardio Med Prod Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1533

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hammer v. Cardio Med Prod Inc" (2007). *2007 Decisions.* Paper 1143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1533
_____

NANCY HAMMER,

Appellant

v.

CARDIO MEDICAL PRODUCTS, INCORPORATED
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-cv-00564)
District Judge:  Honorable William L. Standish

_____

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2007

Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed: May 2, 2007)
_____

OPINION
_____

PER CURIAM

    This appeal arises from the dismissal of Appellant Nancy Hammer's <u>pro se</u>

complaint for failure to prosecute due to her failure to comply with several court orders to

appear for her deposition.  For the reasons that follow, we will affirm.

The parties are familiar with the facts; thus, we will only briefly summarize them here. Hammer was employed as a sales representative by Cardio Medical Products, Inc. ("Cardio Medical") until her employment was terminated on March 22, 1999. On October 24, 2000, Hammer filed a charge of sex and age discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Hammer a Dismissal and Notice of Rights, notifying her that her charge was not timely filed.

On March 26, 2001, Hammer filed the underlying pro se complaint in the United States District Court for the Western District of Pennsylvania pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").

On May 31, 2002, the District Court dismissed Hammer's complaint after Cardio Medical argued that Hammer had failed to timely exhaust her administrative remedies. This Court vacated the District Court's order of dismissal, and remanded so that the District Court could give Hammer the opportunity to demonstrate whether equitable tolling should apply. See Hammer v. Cardio Medical Products, Inc., 131 Fed. Appx. 829 (3d Cir. 2005).

Upon remand, a Magistrate Judge held a status conference in July 2005 and directed that discovery limited to the issue of equitable tolling be completed by September 30, 2005. Thereafter, Cardio Medical scheduled a deposition of Hammer for September 14, 2005. Hammer notified Cardio Medical that she would not be appearing for that deposition, and Cardio Medical responded by filing a Motion to Compel. The

2

Magistrate Judge granted the Motion to Compel and ordered Hammer to appear for a deposition on September 22, 2005. Hammer did not appear for the deposition on September 22, 2005, as ordered. The Magistrate Judge thereafter granted a second motion to compel and ordered Hammer to appear for a deposition on September 28, 2005. The Magistrate Judge also ordered Hammer to reimburse Cardio Medical for certain attorneys' fees and costs. According to an affidavit submitted by Cardio Medical's attorney, on September 27, 2005, Hammer advised the District Court that she would not appear for the scheduled September 28, 2005 deposition.

The Magistrate Judge subsequently issued another order directing Hammer to appear for a deposition on October 18, 2005. This order warned Hammer that failure to appear would result in sanctions, including the possible dismissal of her case. The Magistrate Judge also set up a telephone status conference for October 17, 2005. After this conference, the Magistrate Judge ordered Hammer to appear for a deposition on October 27, 2005. In the order, the Magistrate Judge noted that Hammer had informed him she could not appear on October 27, 2005, and so the Magistrate Judge also directed Hammer "to select an alternate date during the next three weeks for the depositions . . . Until an alternate date is selected, the current date of October 27, 2005 will stand." The record does not show that Hammer selected an alternate date, and Hammer thereafter failed to appear for a deposition on October 27, 2005. Accordingly, the Magistrate Judge ordered Cardio Medical to file a motion to dismiss for failure to prosecute. As ordered, Cardio Medical filed a motion to dismiss. Hammer did not respond to the motion, but did

3

file a motion to recuse the District Court Judge (this motion was later denied).[1] The

Magistrate Judge recommended granting Cardio Medical's motion to dismiss after

conducting the six-factor inquiry set forth in Poulis v. State Farm Fire & Casualty Co.,

747 F.2d 863, 868 (3d Cir. 1984). The District Court subsequently granted the motion to

dismiss, and adopted the Magistrate Judge's report and recommendation as its opinion.

Hammer filed a timely notice of appeal.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Where a district

court has dismissed a case under Federal Rule of Civil Procedure 41(b) because of the

plaintiff's failure to prosecute or comply with an order of court, we review the dismissal

for abuse of discretion. See Adams v. Trustees of the New Jersey Brewery Employees'

Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994). In determining whether the District

Court abused its discretion, we are guided by the manner in which the District Court

balanced the following factors and whether the record supports the District Court's

findings:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party
> or the attorney was willful or in bad faith; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

---

[1] Hammer had earlier moved for the recusal of the Magistrate Judge, but this
motion was also denied.

Poulis, 747 F.2d at 868 (emphasis in original). Not all of these factors "need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Ultimately, "the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the appellate court] – a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

After examining the record in this case, we conclude that the District Court's application of the Poulis factors was not an abuse of discretion.[2] First, we agree with the District Court that Hammer was personally responsible for her failure to comply with the court orders because she was proceeding pro se. Next, we agree with the District Court that Cardio Medical suffered prejudice in scheduling multiple depositions, all of which Hammer failed to attend, and in expending costs to obtain court orders forcing compliance with discovery. See Adams, 29 F.3d at 874. Also, we agree with the District Court that Hammer's failure to appear for multiple depositions as ordered by the District Court established a pattern of dilatory conduct.

Nor did the District Court abuse its discretion when it found that Hammer's behavior was willful. Willfulness involves intentional or self-serving behavior. See Adams, 29 F.3d at 875. We believe that willfulness may be inferred here from Hammer's

---

[2]In this regard, we also have considered all of the parties' submissions on appeal.

5

repeated failure to appear at depositions in contravention of multiple court orders. We also conclude that the District Court properly considered the effectiveness of alternative sanctions. The District Court had previously penalized Hammer by ordering her to pay attorneys' fees and costs, but she nonetheless went on to flout another court order compelling her attendance at a deposition. Moreover, prior to the dismissal, the District Court specifically warned Hammer that further failure to appear at her deposition could result in dismissal of her case. Finally, the District Court gave no weight either in favor or against Hammer regarding the meritoriousness of her underlying claim. As the District Court correctly pointed out, however, not all of the Poulis factors need to be met for dismissal to be warranted. Thus, we see no abuse of discretion with respect to this aspect of the District Court's analysis either.

For these reasons, we will affirm the District Court's order dismissing the case.[3]

---

[3]Hammer also appeals from a number of other orders, including orders requiring her to appear for depositions, orders denying her motions to strike responses, and orders denying her motions for recusal. We need not decide the propriety of these other orders.