

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Tucker v. Monroe

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tucker v. Monroe" (2008). *2008 Decisions*. Paper 667.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/667

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4385
_____

MATTHEW TUCKER,

Appellant

v.

JANET MONROE, Chief Executive Officer Greystone Park

Psychiatric Hospital; RAY GRAY, Unit Chief, Central Avenue Complex,

Wing-B, Greystone Park Psychiatric Hospital; JANE DOE, Clerk,

Central Avenue Complex-Wing B, Greystone Park Psychiatric Hospital;
JOHN DOE, Mail Room Employee, Greystone Park Psychiatric Hospital

_____

On Appeal from the United States District Court

for the District of New Jersey

(D.C. Civil Action No. 07-cv-04219 )

District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

May 13, 2008

Before: MCKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed: August 12, 2008)
_____

OPINION
_____

PER CURIAM

Proceeding pro se, Matthew Tucker appeals the District Court's dismissal of his complaint as a sanction for failing to comply with an order to submit a legible complaint. For the reasons that follow, we will affirm.

Tucker is in psychiatric confinement at Greystone Park Psychiatric Hospital in Greystone Park, New Jersey. He filed a hand-written, pro se complaint pursuant to 42 U.S.C. § 1983 against four hospital officials alleging that they violated his First Amendment rights by mishandling and delaying the delivery of his legal mail, thereby obstructing his access to the courts. Finding Tucker's complaint illegible, the District Court ordered him to file a legible complaint within forty-five days or face the dismissal of the action. Tucker timely complied with the order and filed an Amended Complaint, which was again handwritten. Concluding that his complaint was still illegible, that the court accordingly could not adjudicate the suit, and that no lesser sanction would remedy the situation, the District Court dismissed Tucker's complaint as a sanction for failing to comply with its previous order. Tucker filed a motion for reconsideration, explaining that he had no access to a typewriter or computer, and that he believed his submissions were legible. The District Court denied the motion. Tucker timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the District Court's decision for abuse of discretion. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

2

Before dismissing a case as a sanction for failing to comply with a court order under Fed. R. Civ. P. 41(b), district courts must make explicit findings under the six factors[1] set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); see also United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 162 (3d Cir. 2003)("[W]e have always required consideration and balancing of all six of the factors [by the district court], and have recommended the resolution of any doubts in favor of adjudication on the merits.")(emphasis in original). When used to sanction litigants, dismissals with prejudice are "drastic" and "extreme" and "should be reserved" for cases where there has been "'flagrant bad faith' on the part of the plaintiffs," Poulis, 747 F.2d at 867-68, quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). Moreover, we have consistently recommended that all doubts be resolved in favor of a disposition on the merits, see $8,221,877.16 in U.S. Currency, 330 F.3d at 162.

In this case, the District Court punitively dismissed Tucker's complaint without even referencing Poulis factors. Our review of these factors reveals that although Tucker bears personal responsibility in this case as a pro se litigant, the defendants were

---

[1] The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was wilful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868.

3

not prejudiced as the action was dismissed before they were served. Additionally, there is no history of dilatoriness in this case, given that Tucker promptly filed responses to the District Court's order to submit a more "legible" complaint. Tucker's actions do not suggest that he wilfully disregarded the order, nor that his submissions were in bad faith, given that he filed an Amended Complaint, explained to the District Court that he has no access to a typewriter or computer. Indeed, the words in Tucker's handwritten Complaint, Amended Complaint, motions, and submissions on appeal are plainly discernable and legible. Moreover, the District Court could have used alternative sanctions, such as a dismissal without prejudice.

Finally, as we explain below, the complaint lacks merit under the last Poulis factor.[2] Even so, four factors weigh against dismissing the complaint for failure to prosecute, and the balance weighs strongly in Tucker's favor.

Even if we concluded that the District Court abused its discretion in dismissing the complaint as a sanction, we would affirm, because Tucker fails to state a claim upon which relief may be granted. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 29 (3d Cir. 1991)(finding that where a complaint fails to state a claim, this Court may affirm on the merits even if the complaint was erroneously dismissed for failure to prosecute). The only cognizable claim that we read in Tucker's complaint is that the

---

[2] We have never held Poulis's sixth factor to be determinative. To do so would confuse Rule 12(b)(6) with Rule 41(b), which we will not do.

prison denied him access to the courts by withholding his mail, which contained the final order in a separate civil rights action that he filed against a New Jersey Superior Court Judge and a court clerk for "dismissing" an action that he had been pursuing in the District Court. Because of the amount of delay in receiving notice of a final order in that case, he argues that he could no longer pursue timely appellate remedies in that case. In order to state a claim under the First Amendment that he was denied access to the courts, Tucker must prove that he suffered an actual injury, and the claim must be alleged with sufficient clarity to show that it has some arguable merit. Christopher v. Harbury, 536 U.S. 403, 415 (2002); see also, Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997); Lewis v. Casey, 518 U.S. 343, 351 (1996). Our review of the record shows that although he demonstrates actual injury in being unable to pursue his appellate remedies in the aforementioned civil rights action, Tucker's claim lacks arguable merit on its face: The state judge and clerk who he sued in that action were acting in a judicial capacity and so were immune from suit. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Accordingly, we will affirm.