GLD-389                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2194
_____

VICTORIA L. BAILEY,
                                                    Appellant

v.

SECRETARY VETERANS ADMINISTRATION; SUSAN R. SILVER; THERESA
BUGGEY; THOMAS LAWSTOKA; JOSEPH TOMASELLI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2-11-cv-05325)
District Judge: Honorable Michael M. Baylson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 15, 2013

Before:  FUENTES, FISHER and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2013 )
_____

OPINION
_____

PER CURIAM

        Victoria L. Bailey appeals from the judgment entered by the District Court,

dismissing her complaint with prejudice for failure to prosecute. We will summarily

affirm because no substantial question is presented by this appeal.

I.

In August 2011, Bailey filed, through counsel, an employment discrimination complaint against the Secretary of the Department of Veterans Affairs and two agency employees. Thereafter, counsel was permitted to withdraw, and Bailey pursued her claims pro se, filing an amended complaint that named two additional agency employees as defendants. The defendants moved to dismiss Bailey's amended complaint. Bailey did not file a response and the District Court granted the motion. Bailey submitted a document (essentially a second amended complaint) that was filed as a motion for reconsideration. The District Court granted that motion in part, directed that Bailey's claims as pleaded in the second amended complaint would proceed as to the Secretary only, and further directed that discovery be completed by November 19, 2012.[1] Thereafter, Bailey repeatedly failed to respond to requests for discovery and failed to appear for a deposition after it was rescheduled twice at her request.[2] As a result, the Secretary filed a motion to dismiss for failure to prosecute. Yet again, Bailey failed to respond, and the District Court granted the motion.

Bailey timely appealed. The parties were advised that the Court would consider summary action and were provided an opportunity for response. The Secretary responded

---

[1] The District Court agreed with the government that the remaining defendants were not proper parties.

[2] Discovery was to be completed by November 19, 2012. Unsuccessful attempts were made to secure her responses to interrogatories on July 23, 2012, September 5, 2012, September 21, 2012, October 4, 2012, October 22, 2012, and November 5, 2012. The deposition was scheduled for October 4, 2012, and then rescheduled for October 18, 2012, and November 8, 2012.

with a motion for summary affirmance. Bailey has filed a motion seeking appointment of counsel and a stay of this appeal pending such appointment.

We review a district court's order dismissing an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) for an abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). Generally, a court must consider several factors before deciding whether to grant a defendant's motion to dismiss for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the opposing party caused by the failure to meet scheduling orders and respond to discovery; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney has been willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the merit of the claim or the defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" or "mechanical calculation" for balancing the Poulis factors, and a District Court need not find all of the factors satisfied in order to dismiss a complaint. Briscoe, 538 at 263.

Bailey was afforded ample opportunity to proceed with her case. Her claims against the Secretary were reinstated. She was provided considerable time and numerous opportunities to participate in the discovery process. Bailey repeatedly refused those opportunities, causing substantial prejudice to her adversary. She offered no response to the Secretary's motion to dismiss for failure to prosecute. Her only explanation appears in her motion pending before this Court, in which she states that she did not discuss or agree

to any depositions or interrogatories concerning this case. Although dismissal is a harsh remedy, Bailey bears personal responsibility for her unexplained dilatoriness.  Under these circumstances, dismissal for failure to prosecute was appropriate.

III.

For the foregoing reasons, we will grant the Secretary's motion and summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny Bailey's motion to appoint counsel and stay the appeal.

---

[3] We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.