**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2060
_____

JOSEPH R. FILBERT,
Appellant

v.

WESTMORELAND COUNTY PRISON
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 13-cv-00156)
District Judge:  Honorable Cynthia R. Eddy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: January 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph R. Filbert appeals from the District Court's dismissal of his complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the following reasons, we will affirm the District Court's dismissal of the case.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In January 2013, Filbert filed a pro se complaint, which appeared to state a claim under the Americans with Disabilities Act against Westmoreland County Prison ("Westmoreland"). On June 18, 2014, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), the District Court[1] sua sponte dismissed the complaint for failure to state a claim. Filbert was granted leave to amend his complaint to provide sufficient facts to support his claims and to specify the offending actions taken by any particular defendant.

In June 2014, Filbert filed an amended complaint and subsequent "Amendment to Civil Action."[2] Filbert next filed a motion to appoint counsel, which was denied. In August and September 2014, Filbert made two additional requests for counsel. Shortly thereafter, Westmoreland moved to dismiss for failure to state a claim, and the District Court stayed the case pending issues related to Filbert's mental competency.[3] In October

---

[1] Both parties consented to a Magistrate Judge's jurisdiction over this matter.

[2] In his amended complaint, Filbert sought relief under the Americans with Disabilities Act, 42 U.S.C. § 1983, and the Rehabilitation Act, for conduct that appeared to occur in January 2012.

[3] The District Court noted that Filbert also had a criminal matter pending before the Honorable Mark R. Hornak in the Western District of Pennsylvania, in which the Court

2014, the District Court directed the Clerk to request counsel for Filbert, and subsequently received four declinations of representation.

On August 7, 2015, Filbert was released from prison but failed to notify the District Court of a forwarding address. On October 23, 2015, Westmoreland filed a Petition for Rule to Show Cause why the case should not be dismissed. On October 26, 2015, the District Court issued a Show Cause Order advising Filbert that he had to file on or before November 30, 2015, a response to the Order as to why the case should not be dismissed for failure to prosecute. Filbert was advised that failure to comply with the order would result in the dismissal of his complaint for failure to prosecute. Copies of the order were mailed to Filbert at two separate addresses, one of which was returned "Return to Sender, Not Deliverable as Addressed, Unable to Forward," the other with the notation "Released to U.S. Marshals."

On December 8, 2015, Filbert filed a response to the Show Cause Order stating that he had been released on August 7, 2015, that he had been receiving care from a psychiatrist/psychotherapist since his release, and that he "was getting adjusted from being newly in public in society." That same day, Westmoreland filed another motion to dismiss for failure to prosecute. The District Court ordered Filbert to respond on or before January 4, 2016, and warned that failure to respond would result in the motion's being decided without the benefit of his response. He was also ordered to inform the

_____

had found good cause to require a psychiatric/psychological examination of Filbert, including an evaluation of his mental competency for further proceedings in the criminal matter.

District Court whether he intended to pursue two other lawsuits[4] that he had pending with the District Court.

On January 4, 2016, Filbert responded, stating simply that he "has sufficient evidence to provide to indicate violations of his Federal Protected rights." The District Court consolidated Filbert's three cases and ordered him to file one consolidated amended complaint on or before February 10, 2016. Filbert failed to do so and, on March 2, 2016, Westmoreland renewed its motion to dismiss for lack of prosecution. Filbert was ordered to respond by March 18, 2016, and again warned that failure to do so would result in his action being dismissed for lack of prosecution. On March 17, 2016, Filbert filed a response which was in essence another motion for appointment of counsel. The District Court denied the request, explaining that it had attempted to find counsel for Filbert, that four attorneys had declined to represent him, and that he had been found competent to participate in his criminal proceedings. Filbert did not respond to the renewed motion to dismiss, nor did he file a consolidated amended complaint. By order entered on April 5, 2016, the District Court dismissed Filbert's complaint pursuant to Federal Rule of Civil Procedure 41(b). This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's order dismissing an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) for abuse of discretion. See In re Asbestos Prods. Liab. Litig. (No.

---

[4] Filbert's two subsequently filed actions, 14-cv-00623 and 14-cv-00634, also appear to allege his rights were violated while he was a prisoner at Westmoreland County Prison.

VI), 718 F.3d 236, 243 (3d Cir. 2013). Before a district court enters such a dismissal under Rule 41(b), it must weigh six factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the  claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No one factor is dispositive, and not all of the Poulis factors need to be satisfied before dismissing a complaint. See In re Asbestos Prods. Liab. Litig., 718 F.3d at 246.

We agree with District Court that these factors favored dismissal. There is no indication in the record that Filbert failed to receive the orders directing him to file a consolidated amended complaint by February 10, 2016, and directing him to respond to the motion to dismiss by March 18, 2016. Filbert instead filed a "response" in the form of another motion for counsel. Moreover, Filbert's failure to respond to the District Court's orders and his repeated motions for counsel indicate that Filbert did not intend to proceed with his case in the absence of appointed counsel. Because Filbert was able to file four separate motions for appointment of counsel in the District Court and a fairly detailed reply brief in this Court, which attempts to address many of the issues he failed to expand upon below, we conclude that Filbert was aware and able to respond to the District Court's orders without the assistance of counsel, but willfully not to. Thus, the District Court was left with no other alternative than to dismiss Filbert's case. See

5

Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002) (finding no alternative sanctions existed because monetary sanctions, including attorneys' fees, "would not be an effective alternative" for appellant proceeding in forma pauperis).

Because Filbert was given multiple opportunities to comply with the District Court's orders, we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction for Filbert's failure to prosecute.[5]

III.

For the foregoing reasons, and for the reasons set forth by the District Court, we will affirm the order dismissing the case pursuant to Rule 41(b). Filbert's motion to file a supplemental appendix, construed as a motion to expand the record, is denied.

---

[5] On appeal, Filbert appears to be challenging the District Court's denial of his repeated requests for counsel. We note that the District Court made at least four overtures to potential pro bono counsel, to no avail. Moreover, nothing in the record indicates that Filbert could meet the standard for appointed counsel. See, e.g., Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (noting that before court is justified in granting counsel, it must appear that plaintiff's claims have some merit). Thus, the District Court did not abuse its discretion in denying Filbert's motions for appointment of counsel.