**COASTAL MART, INC., Plaintiff,**

v.

**JOHNSON AUTO REPAIR, INC.
and Richard C. Johnston,
Defendants.**

**No. Civ.A. 99–3606.**

United States District Court,
E.D. Pennsylvania.

Aug. 1, 2000.

Deborah Epstein Henry, Philadelphia, PA, for plaintiff.

Jordan R. Pitock, Philadelphia, PA, for defendant.

### MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Currently before the Court is the motion of the plaintiff, Coastal Mart, Inc. ("Coastal"), to impose sanctions and default judg-

ment against defendant (Document 29), Johnson Auto Repair, Inc. ("Johnson Auto") and Richard C. Johnson ("Mr.Johnson") (collectively "defendants"), pursuant to Federal Rule of Civil Procedure 37(d). Defendants have not responded to the motion. This is the second such motion presented to the Court by Coastal. In consideration of Coastal's motion and the attachments thereto, the motion will be granted and a default judgment on the issue of liability as to all counts of the complaint will be granted in favor of Coastal.

### I. BACKGROUND

This motion springs from an action originally filed on July 16, 1999, by Coastal against Johnson Auto and Mr. Johnson, alleging that the defendants had breached several agreements they had entered into with Coastal. One of the agreements allegedly breached was purported to be a personal Guaranty signed by Mr. Johnson, the President of Johnson Auto. (Complaint at ¶¶ 24–27). Thus, Mr. Johnson is an individual defendant in this action. Jordan R. Pitock is counsel of record for both Mr. Johnson and Johnson Auto.

Coastal has sought to take the deposition testimony of Mr. Johnson since September 9, 1999, when Coastal first noticed his deposition. Concerns over Mr. Johnson's health and whether his doctor would allow him to be deposed were first raised shortly thereafter. Nevertheless, Coastal continued to its efforts to depose Mr. Johnson's.[1] Indeed, since that time his deposition has been rescheduled a number of times.[2] Most notably, in December 1999, the parties scheduled depositions,

---

1. On December 6, 1999, counsel for the defendants allegedly suggested that Mr. Johnson might be willing to stipulate to certain points in lieu of being deposed. (Plaintiff Mem., Exh. A at ¶ 7). On December 14, 1999, Coastal extended an alternative, offering to accommodate Mr. Johnson's condition by conducting the deposition in a location that would minimize stress and requested that Johnson Auto produce medical substantiation if Mr. Johnson was going to be unable to testify. (Plaintiff at Mem., Exh. A at ¶ 8). No medical substantiation supporting Mr. Johnson's inability to be deposed was submitted to Coastal at that time and the defendants have not signed a stipulation.

2. Aside from difficulties scheduling Mr. Johnson's deposition, Coastal had difficulty scheduling and deposing the remaining witnesses as a result of the defendants' inadequate response to discovery requests. (Plaintiff Mem. at Exh. A, Attachments A, C, D, F, H, K). Coastal moved for and was granted extensions of the discovery deadline three times, on the grounds that the defendants' lack of responsiveness in submitting documentation was hindering its ability to properly depose witnesses. (Documents Nos. 13, 15, & 24). As a result, the depositions were repeatedly postponed and re-scheduled. (Plaintiff Mem. at Exh. A Mem. at 3).

including Mr. Johnson's, to take place in February. Coastal specifically raised the issue of Mr. Johnson's availability, adding that if defendant's refused to produce him, Coastal would need medical substantiation. At that time, defendants did not voice any objection to proceeding with the deposition of Mr. Johnson. Nor did they object to the taking of his deposition during confirmation discussions in January and February. The deposition of Mr. Johnson and others were nevertheless postponed by agreement of the parties (to allow for settlement discussions to take place) until March 7–9, 2000. However, on March 6, 2000, counsel for defendants informed Coastal that the defendants would refuse, under any circumstance, to produce Mr. Johnson to be deposed, citing health reasons. As a result, none of the scheduled depositions took place. At no time have defendants moved for a protective order pursuant to Fed.R.Civ.Pro. 26(d).

On March 7, 2000, Coastal again raised the possibility that Mr. Johnson's deposition would be unnecessary if he were willing to sign a stipulation which focuses primarily on his signature on critical documents. As a result, Coastal drafted a stipulation to that effect and sent it to the defendants. Defendants, however, did not respond to the stipulation nor return calls regarding the stipulation. Nor did defendants respond to Coastal's efforts to reschedule the remaining depositions.

Also during this time, defendants were unresponsive to Coastal's written discovery requests. In November of 1999, Coastal moved to have this Court compel the defendants to respond to Coastal's First Set of Requests for Production of Documents. The motion was granted on December 8, 1999, and the Order entered on December 9th. (Document No. 12).

On March 14, 2000, Coastal filed a second motion to compel the production of requested documents. The basis for the motion was the fact that the defendants had not complied with the Court's December 9th Order compelling them to respond to Coastal's First Set of Requests for Production of Documents as well as the failure of the defendants to respond to Coastal's Second and Third Set of Interrogatories served some four months prior to the filing of the motion. In its response to this motion, defendants contended that they were unaware that Coastal required any additional documents. (Document 21). On May 11, 2000, this Court found Johnson Auto's failure to produce discovery responses to be in violation of Federal Rule of Civil Procedure 37(d)(2) and (3), and thereby granted Coastal's motion to compel production of the requested documents and the defendants were ordered to serve formal written seriatim responses within ten days. (Document No. 27).

Also on March 14, 2000, Coastal filed a motion to impose sanctions and for default judgment, or, in the alternative, to compel the depositions of Mr. Johnson and five other witnesses, and to require the defendants to pay to Coastal reasonable expenses, including attorney's fees. (Plaintiff Mem. at Exh. A). In its response to this motion, Johnson Auto asserted that Coastal had refused to depose the remaining five witnesses after learning that Mr. Johnson could not be produced, that Mr. Johnson was not an integral part of Johnson Auto's current business and that it had agreed that Mr. Johnson would sign a stipulation in lieu of his deposition. (Document 21). Mr. Johnson has not, to date, signed any stipulation. (Plaintiff Mem. at Exh. J at 5).

On May 11, 2000, this Court found that the defendants had violated Federal Rule of Civil Procedure 37(d) and granted the motion in the alternative, ordering the defendants to pay reasonable expenses to Coastal and to produce Mr. Johnson as well as five other witnesses for deposition on or before June 1, 2000. (Document No. 28).

Coastal currently alleges that the defendants have not complied with either of the Orders of May 11, 2000 or the Order of December 8th. (Documents Nos. 12, 27 & 28). Accordingly, Coastal has filed its second motion for sanctions and for a default judgment. Coastal asserts that in disregard of the May 11th Orders of this Court and despite correspondence from Coastal reminding defendants of their obligation to serve formal written responses to Coastal's discovery requests, none have been forthcoming. In ad-

dition, the defendants continue to refuse to produce Mr. Johnson for deposition. At no time have the defendants moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Coastal also asserts that the defendants have been unresponsive to its efforts to schedule the depositions of other five witnesses.

## II. STANDARD

If a party fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection, the district court in which the matter is pending may "make such orders in regard to the failure as are just" to sanction the disobedient party. *See* FED.R.CIV.P. 37(d). A district court may refuse to allow the disobedient party to support or oppose designated claims or defenses, prohibit the party from introducing designated matters in evidence, strike out pleadings or parts thereof, staying further proceedings until the order is obeyed, dismissing the action, or rendering a judgment by default against the disobedient party. *See* FED. R.CIV.P. 37(b)(2)(A)–(C).

■ It is well established that district courts have discretionary authority to determine the appropriate sanction for a particular case and to impose severe sanctions in cases it deems appropriate. *See National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Dismissals with prejudice or default judgments are drastic sanctions, to be reserved for extreme cases in which there is no effective alternative. *Id.*; *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984). The Court of Appeals for the Third Circuit has established a set of factors to guide a court in deciding whether to impose sanctions that decide issues of a case. Those factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the

claim or defense. *Poulis,* 747 F.2d at 868. These are simply factors for a district court to consider and " '[n]ot all of these factors need to be met for a district court to find dismissal warranted.' " *Great Western Funding, Inc. v. Mendelson,* 158 F.R.D. 339, 344 (E.D.Pa.1994) (quoting *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir.1988)), *aff'd,* 68 F.3d 456 (3d Cir.1995); *see also Poulis,* 747 F.2d at 868–70 (finding that only three of the six factors had been met, but that these were sufficient to dismiss the case). Considering these factors in the context of the facts of the instant case, I conclude that this case presents the extreme situation where the sanction of default judgment is appropriate.

## III. ANALYSIS

### A. Personal Responsibility

■ Entering a default judgment may be an unfair sanction when the party is not personally at fault. For example, when there is "no allegation that plaintiffs, as distinguished from their counsel, were in any way responsible for the failure to comply with the court's order," judgment may be unjust. *Poulis,* 747 F.2d at 866. The facts presented suggest that Johnson Auto and Mr. Johnson do bear a significant amount of personal responsibility for the repeated noncompliance upon which Coastal's motion is grounded. Mr. Johnson's refusal to testify and Johnson Auto's inadequate submission of documents and responses to interrogatories are in direct defiance of not one, but three of this Court's orders.

■ A party cannot escape responsibility for refusing to allow him or herself to be deposed. Moreover, as Mr. Johnson is an officer of Johnson Auto and because a cooperation acts through its agents, his refusal to cooperate can be imputed to Johnson Auto. In addition, Coastal has been required to seek Orders of this Court (which have been granted) to compel a response to virtually every discovery request it has made. There is no evidence to suggest that the defendants have been and continue to be unaware of their obligations with respect to the issues raised here and have not given their approval, tacitly or otherwise, for the conduct of

their counsel. More importantly, "a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis*, 747 F.2d at 868.

Finally, although Mr. Johnson's refusal to be deposed is purportedly the result of ongoing and serious health problems, the remaining witnesses Coastal seeks to depose assert no such excuse, and by failing to produce them for deposition the defendants have apparently chosen to ignore their legal responsibilities. In sum, Johnson Auto's refusal to produce the requested documents and Mr. Johnson's representation that he would be deposed when he apparently had no intention of doing so as well as the defendants refusal to produce other witnesses for deposition in violation of three separate Court Orders deposits a significant amount of personal responsibility on the defendants.

### B. Prejudice to the Adversary

Coastal's ability to pursue its action against the defendants is significantly prejudiced by Mr. Johnson's refusal to be deposed and by the failure of the defendants to respond to Coastal's requests for documents and interrogatories. Because Mr. Johnson was allegedly the party who signed the disputed agreements on behalf of Johnson Auto and because his testimony is needed to establish elements of Coastal's case against Johnson Auto as well as Mr. Johnson in his capacity as guarantor, Coastal is dependent upon his testimony. (Plaintiff Mem. at 6, ¶ 14). The defendants' inadequate responses to Coastal's requests for documents with respect to discovery has further compounded Coastal's difficulty in obtaining deposition testimony from other witnesses. Thus, Coastal is significantly prejudiced by the defendants' conduct.

### C. History of Dilatoriness

The history of discovery in this case supports Coastal's assertion that there is not only a history of dilatoriness but of a blatant disregard for the rules of discovery and Orders of this Court. Defendants have repeatedly failed to respond to discovery requests and refused to produce witnesses for deposition, even when Ordered to do so. "A

history by counsel of ignoring [discovery] time limits is intolerable." *Poulis*, 747 F.2d at 868. The purposeful disregard of Orders of this Court is not only intolerable but inexcusable. *See id.*

### D. Willful or Bad Faith Conduct of Attorney

Entering judgment against a party may be inappropriate where a party's noncompliance is " 'due to inability, and not to willfulness, bad faith, or any fault of petitioner.' " *Great Western Funding*, 158 F.R.D. at 347 (quoting *Societe Int'l v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)). Where a party repeatedly refused to attend his deposition, once in violation of a court order, the Court of Appeals for the Third Circuit held that the party's "conduct was willful." *Hicks*, 850 F.2d at 156. Here, the failure of the defendants to serve discovery responses and produce witnesses for depositions after having been Ordered to do so is, among other things, evidence of willfulness. *Great Western Funding*, 158 F.R.D. at 347 (finding of willfulness sufficient under *Poulis*.).

In addition, there is some evidence of bad faith; namely, the scheduling and rescheduling of Mr. Johnson's deposition over a period of months and then refusing to produce him at the eleventh hour on the basis of a doctor's note dated months prior to the scheduling of deposition. Also evincing bad faith is the failure of the defendants to resolve the issue of Mr. Johnson's deposition by way of a stipulation. I therefore find that the defendants acted willfully and in bad faith.

### E. Alternative Sanctions

■ In determining the appropriate sanction to impose, district courts are advised to seek the most direct route that is preferable and to avoid compelling an innocent party to bear the brunt of its counsel's dereliction. *See Poulis*, 747 F.2d at 869. However, where a party violates Court Orders and Court imposed deadlines and has violated the rules of discovery, a sanction of dismissal or default judgment is appropriate. *See Great Western Funding*, 158 F.R.D. at 348 (finding that imposition of alternative sanctions would not be effective to promote compliance or to

cure prejudice inflicted by the prior violations). Moreover, this Court has already imposed monetary sanctions and Ordered compliance with the Federal Rules of Civil Procedure, albeit to no avail. Finally, staying the proceeding would not be an effective method of promoting compliance with Orders of this Court or curing the prejudice to the plaintiff's case. Indeed, in this situation where the defendant is deliberately obstructing the plaintiff's ability to prosecute its case in violation of federal discovery rules and Court Orders, staying the proceedings would be wholly inappropriate because such an order would only serve to further the delay caused by the defendants in the first place. Thus, I find that alternative sanctions would not effectively promote compliance by the defendants nor cure the prejudice to Coastal.

### F. Meritoriousness of the Claim or the Defense

In considering whether a claim or defense appears to be meritorious, a claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense. *See Poulis*, 747 F.2d at 870 (citing cases). After reviewing Coastal's original complaint, I conclude that the pleadings, if established at trial, would support recovery. Thus, Coastal's claim will be considered meritorious in weighing the above mentioned factors.

## IV. CONCLUSION

Weighing the aforementioned factors, I conclude that defendants' repeated violations of the Federal Rules of Civil Procedure warrant the granting of the motion for sanctions and a default judgment. The defendants, together with their counsel, have exhibited a pattern of dilatory behavior and bad faith conduct to such an extent that the only appropriate sanction is default judgment in favor of Coastal. In imposing this sanction, the Court does not make any conclusion regarding the amount of damages or collateral owed to Coastal, which will be determined at the arbitration. Therefore, Coastal's motion to impose sanctions will be granted and default judgment of liability only will be granted in its favor pursuant to the discretion granted this Court in Federal Rule of Civil Procedure 37(d)(1). An appropriate Order follows.

### *ORDER*

**AND NOW,** this 1st day of August, 2000, upon consideration of the motion to impose sanctions and for default judgment in favor of the plaintiff (Document No. 29) and based upon the foregoing memorandum, it is hereby **ORDERED** that the motion of plaintiff is **GRANTED** and **DEFAULT JUDGMENT ON LIABILITY ONLY IS ENTERED** in favor of the Coastal Mart, Incorporated and against Johnson Auto Repair, Incorporated as to Counts I and III of the Complaint and against Richard C. Johnson on Count II of the Complaint.

**IT IS FURTHER ORDERED** that the defendants shall, pursuant to Fed.R.Civ.P. 37(d), pay to Coastal Mart, Incorporated the reasonable expenses, including attorneys' fees, for making this motion.

**IT IS FURTHER ORDERED** that the period for discovery is extended until September 29, 2000, by which date all remaining discovery shall be served, noticed and completed. The failure of any party to respond to proper discovery shall not delay this completion date or the arbitration without further timely Order of this Court.