

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2006

# P.R. v. Bridgeton Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2918

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"P.R. v. Bridgeton Bd Ed" (2006). *2006 Decisions.* Paper 125.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2918
_____

P.R., Individually and o/b/o S.H. and F.R.;
JENNIFER BARNES, Individually;
JOSHUA RIDGEWAY, Individually

v.

BRIDGETON BOARD OF EDUCATION

**Providence Ridgeway; Jennifer Barnes;
*Joshua Ridgeway,
Appellants

*(Dismissed per Clerk's Order of 10/25/06)
**(Dismissed per Clerk's Order of 10/26/06)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-00042)
District Judge: Honorable Freda L. Wolfson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
October 26, 2006

Before:  RENDELL, SMITH and COWEN, <u>Circuit Judges</u>

(Filed December 6, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Pro se appellant Jennifer Barnes appeals the order of the United States District Court for the District of New Jersey dismissing her civil action under Rule 41(b) of the Federal Rules of Civil Procedure. Upon careful review of the record, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).

The background of this case is set forth in detail in the District Court's opinions and orders, so we will recount the facts in summary fashion. The plaintiffs initiated an action in District Court by filing a complaint pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, seeking payment of fees and costs of their educational consultant and advocate, Total Envolvement, as a prevailing party in administrative proceedings. Attached to the complaint, among other things, was an itemization of services rendered by Tracee Edmonson, with fees totaling $123,687.50, at an hourly rate of $250.[1] The action was brought pro se, but the plaintiffs' mailing address listed on their documents was that of Total Envolvement. The defendant, the Bridgeton Board of Education ("Board") filed an answer to the complaint and asserted various defenses, including the assertion that the plaintiffs' action was not prepared by the pro se plaintiffs but instead "by lay advocate Tracee Edmonson who continues to engage in the unauthorized practice of law." The defendant also contested whether lay advocacy costs were compensable under the IDEA, and whether the hours spent and the hourly rate were

---

[1] Also attached was Edmonson's resume, as well as an affidavit summarizing her services for the plaintiffs. Although her resume indicates that she has an M.B.A. degree, it does not indicate that she holds a law degree or is a member of the bar.

reasonable.

Cross-motions for summary judgment followed. On January 31, 2006, the District Court denied without prejudice both motions for summary judgment and ordered the parties and Edmonson to appear for a hearing on February 23, 2006, for questioning under oath regarding the preparation of the motion papers and pleadings purportedly filed pro se. On February 14, 2006, the plaintiffs and Edmonson submitted a response to the order, indicating that none of them would appear for the hearing, stating that the "preparation of these motion papers and pleadings has no bearing on whether we prevailed in the administrative matter or on seeking allowable fees and costs" (internal quotations omitted). The response further indicated that they viewed the order as assisting the defense in its position, and that the District Court would have to decide the case "without [their] participation." The District Court responded by faxing a letter on February 21, 2006, clarifying its order and again ordering the plaintiffs' and Edmonson's appearance at the hearing, warning them that sanctions might result if they disobeyed the order to attend the hearing.

None of the plaintiffs nor Edmonson appeared at the February 23, 2006 hearing; the defense duly appeared. By order entered February 24, 2006, the District Court ordered the plaintiffs and Edmonson to appear at a hearing on May 4, 2006, to show cause why the case should not be dismissed for their failure to appear for the February 23, 2006 hearing. The District Court also ordered the parties to be prepared to address the

3

issue of whether the plaintiffs or Edmonson prepared the motion papers and pleadings in the action, as well as to address the merits of their claim for fees and costs under the IDEA.

Plaintiff Barnes filed a response to the show cause order, stating that neither she nor the other plaintiffs would attend any hearings on the topic of unauthorized practice of law, and that they refused to participate in further "delay tactics" in the matter.[2] Instead, Barnes urged the District Court to grant the originally-filed summary judgment motion. No appearance was made by the plaintiffs at the May 4, 2006 show cause hearing; the defense duly appeared. On May 5, 2006, the District Court dismissed the action under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders.

Barnes appeals and has been granted leave to proceed in forma pauperis on appeal. We review the District Court's dismissal pursuant to Rule 41(b) for abuse of discretion. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). To determine whether the District Court abused its discretion, we consider how the court balanced the six factors set out in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). The factors are (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party

_____

[2] On March 22, 2006, Edmonson submitted a document seeking to have herself added as a party to the matter. By order entered May 3, 2006, the District Court denied the request, noting that Edmonson was not a party to the proceeding, was not an attorney, and had no standing to seek such relief.

was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. Id.; Emerson, 296 F.3d at 190. Not all factors need to be satisfied for the District Court to dismiss a complaint. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). We recognize that the sanction of dismissal is extreme and should be reserved for cases where it is justly deserved, but our standard of review is deferential. Id. at 221-22.

The District Court memorialized its Poulis findings in its dismissal order. Upon review, we find no abuse of discretion by the District Court in dismissing the case under Rule 41(b). Because the appellant proceeded *pro se*, she is personally responsible for her failures to appear at the hearings. See Emerson, 296 F.3d at 190. The appellant's history of dilatoriness and willful conduct is evident by her failure, twice, to appear at scheduled hearings, despite the District Court's orders to do so. In fact, by way of her written submissions, she unambiguously informed the District Court of her intent not to comply with the District Court's orders and not to participate in the proceedings as ordered. Nowhere in the record does it appear that Barnes ever made any attempts to comply with the District Court's orders or made any assurances that her compliance was forthcoming. The circumstances did not present an opportunity to consider an effective sanction other than dismissal, or to consider the merits of the claims or defenses in the matter.[3] In sum,

---

[3] In considering the factor of prejudice to the Board caused by failures to respond to discovery, the District Court noted in its dismissal order that the plaintiffs failed to appear

5

we cannot say that the District Court abused its discretion in dismissing the case.

Accordingly, because we find that the appeal presents no arguable issues of fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

for the depositions authorized by its February 23, 2006 order, scheduled for April 26, 2006. The record reflects that the Board mailed notices to take depositions to the plaintiffs in care of Edmonson at Total Envolvement's mailing address (the only address apparently on file for the plaintiffs), but the record does not contain any documentation verifying the failures to respond to discovery. Thus, we do not consider this factor in our analysis.