

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2008

# Pennar Software Corp v. Fortune 500 Sys Ltd

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1489

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pennar Software Corp v. Fortune 500 Sys Ltd" (2008). *2008 Decisions.* Paper 1474.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1474

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-1489/1773/3773

PENNAR SOFTWARE CORPORATION

v.

FORTUNE 500 SYSTEMS LTD.

Pennar Software Corporation
*Naren Chaganti,

Appellants

*(Pursuant to Rule 12(a), F.R.A.P.)

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 02-cv-00413)
District Judge: Hon. Christopher C. Conner

Submitted pursuant to Third Circuit LAR 34.1(a)
September 24, 2007

Before: McKEE, BARRY and FISHER, *Circuit Judges*

(Opinion filed: March 5, 2008)

_____

OPINION

_____

McKEE, *Circuit Judge*.

Pennar Software Corporation and Naren Chaganti appeal orders of the district court. For the reasons that follow, we will affirm the district court.

Inasmuch as we are writing for the parties who are familiar with this case, we need not set forth the factual or procedural history of these appeals. Moreover, the district court has detailed that history in its opinion. *See Pennar Software Corp. v. Fortune 500 Systems, Ltd.*, 2006 WL 2376237 (M.D. Pa. Aug. 15, 2006).

Appeal No. 06-1489 is from the district court's order of February 6, 2006, directing Chaganti to pay attorney's fees in the amount of $10,341 to Fortune 500 Systems in connection with a prior mistrial of this case. We have considered Chaganti's arguments in support of his appeal of this order and find them to be without merit. Accordingly, we will affirm that order.

Appeal No. 06-1773 is from numerous orders of the district court, dated and undated, including the order of February 23, 2006, granting the motion of Karim P. Husain to withdraw as Pennar Software's counsel and from sanctions relating to the mistrial.[1] Again, we have considered the appellants' arguments in support of their appeal and find them to be without merit. We will affirm all of the orders listed in the Notice of Appeal for No. 06-1773.

---

[1]The sanctions refer to a July 23, 2004 order assessing $2,600.27 against Chaganti for costs of empaneling the jury and again directing him to pay Fortune 500 Systems' attorney's fees in the amount of $1,552.50 for his conduct relating to the pretrial conference.

Appeal No. 06-3773 is from the district court's order of August 15, 2006, granting Fortune 500 System's motion for involuntary dismissal of the action pursuant to Fed.R.Civ.P. 41(b) as a sanction for Chaganti's filing of a document under counsel's name, without prior authorization of counsel and in direct violation of several orders of the district court. In the district court's thorough and well reasoned opinion that we have cited above, the court recited the history of Chaganti's contumacious conduct, and properly applied the appropriate factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). We will affirm the order granting Fortune 500 Systems' Rule 41(b) motion for involuntary dismissal, substantially for the reasons set forth in the district court's opinion.

## II.

For the above reasons, we will affirm the orders of the district court.[2]

---

[2]The Notice of Appeal in No. 06-3773 refers not just to the district court's order dismissing the action, but to "all prior orders of the District Court" as well. We have considered the numerous other issues Chaganti has raised vis-a-vis all the prior orders and, although we have not discussed them, we find them to be meritless.