

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2008

# Williams v. Forte

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1990

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Williams v. Forte" (2008). *2008 Decisions.* Paper 1382.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1382

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1990

ANTHONY WILLIAMS,
                              Appellant

v.

LT. FORTE, (SCIP); JOAN A. DELIE, Health Care Administrator (SCIP); JOSEPH
GERAGI, Medical Staff (SCIP); DR. GINCHREAU, Medical Director (SCIP); DIANE
MANSON, R.N. Supervisor (SCIP); WILLIAM STICKMAN, Superintendent (SCIP);
JOE ECSEDY, C/O I (SCIP); DAVID GOOD, Deputy Superintendent PRC Member
(SCIP); CHARLES J. SIMSON, Captain (SCIP); THOMAS MCCONNELL, Captain
(SCIP); BILL CARNUCHE, Counselor (SCIP); MICHAEL ZAKEN, Unit Manager PRC
Member (SCIP); DONALD WILLIAMSON, Coordinator Diagnostic Classification
Bureau of Inmate Services PA Dept. of Corrections; THOMAS JAMES, Grievances and
Appeals Officer; H. CLIFFORD O'HARA, Office of Professional Responsibility Director
at Dept. of Corrections

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 04-cv-00012)
District Judge: Honorable Gary L. Lancaster

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2008

Before: SLOVITER, BARRY and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 26, 2008)

OPINION

PER CURIAM

Anthony Williams appeals, pro se, from the order of the United States District Court for the Western District of Pennsylvania dismissing his case for failure to prosecute. We will vacate and remand for further proceedings.

I.

Williams alleged that he was the victim of misconduct while he was incarcerated at State Correctional Institution-Pittsburgh ("SCIP"). He named fifteen different defendants. His complaint contained allegations regarding such matters as his placement in a housing unit with inmates who were trying to kill him, assaults by a correctional officer, interference with his legal mail, and failure to provide medical treatment. The District Court denied in forma pauperis status on the grounds that Williams had at least three previous cases dismissed as frivolous and that he otherwise failed to satisfy the imminent-danger exception of 28 U.S.C. § 1915(g). It dismissed the case for failure to pay the filing fee, and Williams appealed on April 9, 2004. We reversed the District Court's dismissal on May 27, 2005. (Williams v. Forte, C.A. No. 04-2071.)

Williams was transferred from SCIP to State Correctional Institution-Fayette ("SCI-Fayette") before filing his successful appeal. While the prior appeal was pending, he was then transferred to State Correctional Institution-Huntington ("SCI-Huntington"),

2

where he apparently remained for the remainder of the District Court's proceedings. The District Court docket continues to identify Williams as having a SCI-Fayette mailing address, and the judicial orders entered on remand were accordingly addressed and mailed to the old address.

The Magistrate Judge ordered Williams to provide the District Court Clerk by November 14, 2005, with completed USM 285 forms, notices and waivers of summons ("notices"), and copies of the complaint for each named defendant. Because the District Court Clerk had not received the requested documents, the Magistrate Judge issued an order to show cause. After Williams was granted an extension of time to respond, the District Court dismissed the case without prejudice. Williams then filed a motion for reconsideration. On September 15, 2006, the District Court vacated the dismissal and ordered Williams to provide the necessary documents on or before October 15, 2006, or have his case dismissed again. The District Court Clerk received the USM 285 forms on October 16, 2006. On December 28, 2006, the Magistrate Judge recommended that the case be dismissed for failure to prosecute. Williams then requested a 30-day extension of time in which to satisfy the District Court's order of September 15, 2006. The Magistrate Judge granted the requested extension on January 23, 2007, ordering Williams to forward the remaining documents to the District Court Clerk on or before February 26, 2007. The Magistrate Judge further notified him that no more extensions would be granted and that his case would be dismissed if he failed to comply. Nevertheless, the District Court did

3

not receive the documents from Williams.  On March 6, 2007, the District Court adopted the Magistrate Judge's report and recommendation and dismissed the case for failure to prosecute.

Williams filed a timely notice of appeal.[1]  He filed a formal motion under § 1915(g), arguing that he remains in imminent danger of death or serious bodily injury. We granted his motion to proceed in forma pauperis on October 5, 2007.

## II.

In adopting the report and recommendation,  the District Court properly recognized that its decision to dismiss for failure to prosecute was governed by the Poulis factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (3) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).  While we review the District Court's dismissal for an abuse of discretion, it is also well established that a dismissal constitutes a drastic and extreme sanction.  Id. at 867-68.  In this case, we cannot conclude that District Court was correct to resort to such

---

[1] He also moved for reconsideration, claiming that he never received the Magistrate Judge's order granting his requested extension because it had been incorrectly mailed to his old address.  The motion was denied on April 3, 2007 without explanation.

a drastic and extreme course of action.[2]

On appeal, Williams challenges the dismissal of his case based on problems resulting from the District Court Clerk's use of an out-of-date address. While he apparently never filed a formal notice regarding the change of address, the District Court Clerk was evidently aware of the new address, addressing and mailing a letter regarding the status of Williams's case to SCI-Huntington. In addition, Williams listed his correct address on his various submissions in the case, and he specifically pointed out that an order was addressed and mailed to his "old prison address" at SCI-Fayette in a motion filed on November 29, 2005. (11/29/05 Mot. at 2.) He further claims in his informal appellate brief that the prison officials delayed and otherwise interfered in forwarding the incorrectly addressed orders. According to Williams, he did not receive the Magistrate Judge's order granting his request for an extension of time, at least prior to the District Court's dismissal on March 6, 2007. It appears, therefore, that he lacked notice of both the need to submit additional documents and the specific date by which he had to do so. Furthermore, the District Court never expressly considered the problems with the mailing address and their possible effects before dismissing the entire case.

Turning to the specific Poulis factors, the District Court correctly acknowledged that the second factor should not be weighed against Williams because there appeared to be no specific prejudice to the as-yet unserved defendants. Nevertheless, the finding of

---

[2] We have appellate jurisdiction under 28 U.S.C. § 1291.

5

wilfulness and bad faith on the part of Williams was not supported by the record. The

District Court never made a specific finding of "intentional or self-serving behavior" by

Williams. Adams v. Trs. of N.J. Brewery Emp. Pension Tr. Fund, 29 F.3d 863, 875 (3d

Cir. 1994). In fact, it does not appear that an ongoing failure to provide service

documents would actually further Williams's own interests, especially given that the

submission of the documents was necessary for his lawsuit to move forward. Williams

also was successful in submitting his USM 285 forms. He otherwise actively participated

in this litigation, filing motions and responses to the various judicial orders, and arguing

that prison authorities interfered with his ability to submit the necessary documents.

Under these circumstances, we are unable to accept the District Court's finding that

Williams "has no interest in moving this case along expediently."  (Report &

Recommendation at 5-6.)

Likewise, the District Court did not adequately address the fifth and sixth factors

under Poulis. With respect to the fifth factor, it merely addressed the futility of an award

of attorneys' fees, without expressly considering any other sanctions less drastic than a

dismissal of the entire case *with prejudice*.[3] See, e.g., Landon v. Hunt, 977 F.2d 829, 833

---

[3] It is true that the District Court previously dismissed the case *without prejudice*. Nevertheless, there was no analysis offered as to whether another dismissal without prejudice would still serve as a sufficient sanction, especially given the mailing address problems and the other circumstances of this case. In addition, the District Court incorrectly stated that it dismissed this case *twice* for failure to provide directions and forms for service. It is clear that there was only one prior dismissal on such grounds.

(3d Cir. 1992) (indicating that dismissal for failure to prosecute was with prejudice). Furthermore, there was no analysis whatsoever of the underlying merits, with the District Court simply stating that the sixth factor would be weighed neither in favor nor against Williams. Nevertheless, Williams's various claims do not appear to be completely lacking in any merit, at least for purposes of the Poulis inquiry.

Admittedly, Williams bore personal responsibility for the conduct of his pro se case, and he also demonstrated "a protracted history of dilatoriness." (Report & Recommendation at 5.) We also emphasize that Williams still has an obligation to comply with court orders and to submit the documents necessary for service of process. Nevertheless, most of the Poulis factors, together with the problems with his mailing address, weighed heavily against the drastic sanction of dismissal. In light of the established presumption that "doubts should be resolved in favor of reaching a decision on the merits," Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984) (citation omitted), we must conclude it was an abuse of discretion for the District Court to dismiss for failure to prosecute.[4]

### III.

For the foregoing reasons, we will vacate the judgment of the District Court and remand for further proceedings.

---

[4] We, however, will deny the unsupported requests in Williams's informal brief for the case to be remanded to a different District Judge and for an order directing the District Court to appoint counsel.