DLD-300                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3131
_____

LARRY LEE WALKER,
                                            Appellant

v.

YORK COUNTY TAX CLAIM BUREAU

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01925)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010
Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed : October 4, 2010)
_____

OPINION
_____

PER CURIAM

        Larry Lee Walker appeals from an order of the District Court dismissing for

failure to prosecute his pro se civil rights action.  For the reasons that follow, we will

summarily affirm.

Walker applied to the I.R.S. for tax-exempt status for his home, which he claimed was also used as a church. His request was ultimately denied. In May 2008, the property was sold at a judicial tax sale. Walker later sought to set aside the sale in the Court of Common Pleas for York County, Pennsylvania, but he was unsuccessful.

In October 2009, Walker filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, naming the York County Tax Claim Bureau, from whom Walker had originally purchased the property, as the sole defendant. He claimed that the defendant had purported that the deed to the property was "free and clear," and thus the property should not have been the subject of a judicial sale. Shortly after filing this action, the buyer of the property contacted Walker and requested that he either pay rent or vacate. Walker did neither. The buyer instituted eviction proceedings, and Walker was forcibly evicted from the property.

Two months after Walker filed his § 1983 suit, he still had not served the defendants as he was required by Rule 4(c). The District Court asked Walker to advise as to his intent in the case. Walker expressed his desire to maintain the action, and the District Court ordered that he serve process by February 12, 2010. At Walker's request, this deadline was extended to March 1, 2010.

The deadline passed without Walker serving the defendant. The Magistrate Judge applied the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), and recommended that the case be dismissed for failure to prosecute. Walker timely objected to the recommendation. In his objection, he said that he no longer

had a claim against the defendant. Instead, he argued that the buyer of the property was now liable for forcibly evicting him. He also expressed a desire to challenge the sale of the property. Finally, he claimed that he did not have to serve process because this case had changed from civil to criminal, apparently due to the alleged illegal actions of the buyer. He did not seek leave to amend his complaint or substitute parties.

On May 4, 2010, the District Court adopted the Magistrate Judge's recommendation. Walker appealed. We have jurisdiction to hear this appeal. 28 U.S.C. § 1291.[1] We review District Court's decision to dismiss for failure to prosecute for abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).

We conclude that the District Court did not abuse its discretion in dismissing this case for the reasons set forth by the Magistrate Judge. Walker did not serve the defendant within 120 days, Fed. R. Civ. P. 4(m), nor does he intend to ever do so, Fed. R. Civ. P. 4(c) and (m). In fact, he admits that he has no claim against the defendant.[2]

Accordingly, we conclude that this appeal presents no substantial question, and we

---

[1] Walker filed his notice of appeal on July 12, 2010, sixty-nine days after the District Court order was filed. However, the order also included a page of explanation as to the District Court's reasoning. Thus, the separate-document rule applies, and Walker's appeal is timely. See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 238 (3d Cir. 2006); Fed. R. Civ. P. 58(a).

[2] To the extent that Walker challenges the judicial sale–an argument that was already unsuccessful in state court–the Rooker-Feldman doctrine bars lower federal court review. See Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

3

will summarily affirm the judgment of the District Court.