**ALD-003**                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3162
_____

JAMES H. ROGERS,
                                              Appellant

v.

MHU STAFF; CORRECTIONAL OFFICERS; SCI WESTERN PEN PGH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00027)
District Judge: Honorable Gary L. Lancaster

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 7, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges.

Filed: October 25, 2010
_____

OPINION OF THE COURT
_____

PER CURIAM.

        James H. Rogers, a prisoner at the State Correctional Institution at Albion, appeals

from an order of the District Court dismissing this pro se civil rights action for failure to

prosecute.  For the reasons that follow, we will summarily affirm.

On February 3, 2010, Rogers filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for permission to proceed in forma pauperis. He failed to include a certified copy of his trust fund account statement. See 28 U.S.C. § 1915(a)(2). On April 9, 2010, he was ordered to submit the document within twelve days. Rogers failed to submit the paperwork or to ask for an extension.

The Magistrate Judge recommended that the complaint be dismissed for failure to prosecute after applying the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Rogers filed an objection, claiming that he had sent a request for his financial information to the prison records department, but that he had never received a response. He did not submit any documentation showing that he had made such a request. The District Court adopted the Magistrate Judge's recommendation by order entered July 10, 2010. Rogers timely appealed.[1]

We conclude that the District Court did not abuse its discretion when it dismissed Rogers' complaint. When Rogers was ordered to submit the paperwork required to proceed in forma pauperis, he simply did nothing. His explanation about the prison's records department is unconvincing. He offers no evidence to support his assertion that he ever even made the request. Moreover, he does not explain why he was able to submit

---

[1] We have jurisdiction to hear this appeal. 42 U.S.C. § 1291. We review denials of motions to reopen for abuse of discretion. Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. L.A.R. 27.4; I.O.P. 10.6.

the necessary paperwork when he applied for in forma pauperis status for this appeal, or for the an unrelated action that is currently pending in the District Court.

Accordingly, we conclude that this appeal presents no substantial question, and we will affirm the judgment of the District Court.