**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4320
_____

WILLIAM BELL,
                                        Appellant

v.

PLEASANTVILLE HOUSING AUTHORITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-09-cv-04614)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2014

Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: July 11, 2014)

_____

OPINION
_____

PER CURIAM

      William Bell appeals from the District Court's order dismissing his complaint as a

sanction.  We will affirm.

      William Bell filed suit against the Pleasantville Housing Authority ("PHA")

alleging that it wrongfully evicted him. The District Court dismissed his complaint for lack of subject matter jurisdiction, but we vacated and remanded after concluding that Bell's complaint raised a federal question—i.e., a due process claim based on his eviction in alleged violation of the regulations of the United States Department of Housing and Urban Development ("HUD"). See Bell v. Pleasantville Hous. Auth., 443 F. App'x 731, 735 (3d Cir. 2011).

On remand, Bell repeatedly failed to appear for his deposition even though the District Court appointed counsel to represent him for that purpose. He also refused to respond to the PHA's discovery requests and to appear for various court-ordered conferences. The Magistrate Judge finally convened a show cause hearing, at which Bell also failed to appear. The Magistrate Judge continued the hearing and, when Bell finally appeared, gave Bell one last chance to appear for his deposition. When Bell again failed to do so, the PHA filed a third motion to dismiss Bell's complaint as a sanction under Fed. R. Civ. P. 37(b)(2)(A)(v). Bell did not oppose the motion (or the PHA's prior motions), and the Magistrate Judge recommended granting it. Bell also did not object to the Magistrate Judge's recommendation, and the District Court adopted it and dismissed his complaint. The District Court later granted the PHA's request to withdraw its counterclaim, and Bell appeals from that final order.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of a complaint as a sanction for abuse of discretion. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). In this case, the District Court

properly recognized that dismissal is a drastic sanction to be imposed as a last resort, but it carefully balanced the factors set forth in Poulis and concluded that dismissal was warranted in light of Bell's repeated failures to appear for his deposition and to respond to PHA's discovery requests. Bell does not challenge the District Court's application of the Poulis factors, and the District Court acted well within its discretion in dismissing his complaint for the reasons the Magistrate Judge adequately explained.

Bell's sole argument on appeal is that the Fair Housing Act and HUD's policies and regulations confer on him a "privilege to refuse to answer discovery and appear for deposition." (Appellant's Br. at 1.) He contends in that regard that the Federal Rules of Civil Procedure do not govern this action. Bell did not raise that argument below, and there is no support for it. The Fair Housing Act authorizes aggrieved persons to commence a "civil action" in, inter alia, "an appropriate United States district court[.]" 42 U.S.C. § 3613(a)(1)(A). The Federal Rules of Civil Procedure "govern the procedure in all civil actions . . . in the United States district courts[.]" Fed. R. Civ. P. 1. Those rules, including the discovery obligations they impose, are thus fully applicable in this civil action. Bell's unsupported assertion to the contrary is frivolous and serves only to further demonstrate the willfulness of his refusal to comply with his obligations.

For these reasons, we will affirm the judgment of the District Court.