**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 23-2639

——————

GNANA M. CHINNIAH, also known as Gnanachandra M. Chinniah;
SUGANTHINI CHINNIAH,
Appellants

v.

EAST PENNSBORO TOWNSHIP; JEFFREY S. SHULTZ; KAREN DUNKLE;
JAMES HERZLER; JOHN KUNTZELMAN; CHRISTOPHER S. UNDERHILL;
LAW OFFICES OF HARTMAN UNDERHILL & BRUBAKER; JOSHUA AUTRY;
JEFFREY CONRAD; LAW OFFICES OF CLYMER MUSSER & CONRAD;
CUMBERLAND COUNTY TAX BUREAU

——————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:15-cv-02240)
District Judge:  Honorable Jennifer P. Wilson

——————————————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 2, 2024

——————

Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: August 5, 2024)

——————

OPINION*

——————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

PER CURIAM

Gnana and Suganthini Chinniah ("Appellants") appeal pro se from the District Court's decision dismissing their civil-rights action with prejudice for failure to prosecute and failure to comply with a court order. We will affirm that judgment.

I.

Appellants commenced this lawsuit in the District Court in 2015, seeking relief against numerous defendants. Appellants' amended complaint, filed in 2016, raised both federal and state-law claims. Defendants moved to dismiss that pleading pursuant to Federal Rule of Civil Procedure 12(b)(6). A United States Magistrate Judge subsequently issued a report recommending that the District Court grant those motions, dismiss the federal claims with prejudice, and dismiss the state-law claims without prejudice. In making that recommendation, the Magistrate Judge explained that, since all of Appellants' federal claims failed to state a claim under Rule 12(b)(6), the District Court should decline to exercise supplemental jurisdiction over the state-law claims.

The District Court adopted the Magistrate Judge's recommendation. On appeal, we affirmed the District Court's dismissal of all but three of Appellants' federal claims. See Chinniah v. E. Pennsboro Twp., 761 F. App'x 112, 117-18 (3d Cir. 2019) (per curiam). Because we decided to vacate and remand with respect to those three federal claims — claims over which the District Court had original jurisdiction — we also

_____

constitute binding precedent.

2

"vacate[d] and remand[ed] the District Court's order as to supplemental jurisdiction [over the state-law claims]." Id. at 118.

On remand, the Magistrate Judge issued another report, this time addressing whether the state-law claims should be dismissed on their merits. The report recommended that a subset of Appellants' state-law claims be dismissed, and that Appellants be granted leave to file a second amended complaint ("SAC") "that is complete in all respects and cures the pleading deficiencies [relating to some of the dismissed state-law claims]." Dist. Ct. Dkt. No. 142, at 22. In January 2021, the District Court largely adopted this recommendation,[1] gave Appellants 30 days to file a SAC, and stated that the SAC "must be filed as a single, stand-alone document that does not reference prior court filings." Dist. Ct. Dkt. No. 150, at 2.

Appellants moved the District Court to reconsider that January 2021 order. In June 2021, the District Court denied reconsideration. A few days later, the Magistrate Judge directed Appellants to file a SAC within 14 days. Appellants appealed from those June 2021 orders, but we dismissed that appeal in October 2021 for lack of appellate jurisdiction because there was no final, appealable order before us. See C.A. No. 21-2191.

About a week after we dismissed that appeal, the Magistrate Judge again directed Appellants to file a SAC within 14 days. Appellants responded by moving to (1) stay the District Court proceedings pending this Court's resolution of a petition for rehearing that

---

[1] The District Court declined to adopt the Magistrate Judge's analysis of one claim, and that court also modified another part of the report.

3

Appellants had filed in C.A. No. 21-2191, and (2) recuse the Magistrate Judge and the presiding District Judge. In December 2021, the Magistrate Judge denied the request to stay and declined to recuse herself from Appellants' case. The next day, we denied rehearing in C.A. No. 21-2191. And the day after that, the presiding District Judge declined to recuse herself from Appellants' case. Appellants appealed from the District Court's order denying recusal, but we dismissed that appeal in April 2022 for lack of appellate jurisdiction (for the same reason that warranted dismissal in C.A. No. 21-2191). See C.A. No. 22-1043.

Next, in January 2023, the Magistrate Judge again directed Appellants to file a SAC within 14 days. Appellants did not respond. As a result, in March 2023, the Magistrate Judge directed Appellants to show cause, within 21 days, why they had failed to file a SAC. The show-cause order explained that "[u]nless good cause is shown, this action may be DISMISSED." Dist. Ct. Dkt. No. 170 (bolded emphasis omitted). Once again, Appellants did not respond. Accordingly, in May 2023, the Magistrate Judge issued a report recommending that the District Court dismiss the case with prejudice for failure to prosecute and failure to comply with a court order. In support of that recommendation, the Magistrate Judge examined each of the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), and concluded that a balancing of those factors weighed heavily in favor of dismissal.

Appellants did not object to the Magistrate Judge's May 2023 report. In August 2023, the District Court adopted that report, dismissed the case with prejudice, and

4

directed the District Court Clerk to close the case. Appellants then timely filed this appeal, challenging that dismissal order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review dismissals for failure to prosecute or to comply with a court order for abuse of discretion." Davis v. Samuels, 962 F.3d 105, 116 n.13 (3d Cir. 2020). To determine whether a district court acted within its discretion in entering such a dismissal, "we review the manner in which it balanced the [Poulis factors]." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013). Those factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of alternative sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.

Id. (citing Poulis, 747 F.2d at 868). "[W]e do not have a magic formula or mechanical calculation to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (internal quotation marks omitted). "None of the *Poulis* factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal . . . ." Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019).

In this case, the Magistrate Judge's May 2023 report concluded that five of the six Poulis factors (all but the last factor) weighed against Appellants, and that a balancing of all six factors weighed in favor of dismissal. The District Court then adopted that Poulis

analysis. But on appeal, Appellants' briefing does not discuss that analysis. See Kars 4 Kids Inc. v. Am. Can!, 98 F.4th 436, 452 (3d Cir. 2024) ("[A]rguments not raised in a party's opening brief are generally deemed forfeited."). And even if this issue were preserved for appellate review, there would be no reason for us to disturb the District Court's decision to dismiss. For substantially the reasons set forth in the Magistrate Judge's May 2023 report, see Dist. Ct. Dkt. No. 172, at 8-14, we cannot hold that the District Court abused its discretion in concluding that a balancing of the Poulis factors weighed in favor of dismissing Appellants' case.[2] Despite being afforded numerous chances to file a SAC over the course of roughly two years, Appellants failed to do so.[3] And when the Magistrate Judge's March 2023 show-cause order directed them to explain their failure to file a SAC, they did nothing.[4]

---

[2] Although the Magistrate Judge's May 2023 report mistakenly stated that Appellants failed to file a *third* amended complaint (rather than a SAC), that misstatement was harmless.

[3] In October 2021, Appellants initiated a new civil action in the District Court against (a) some of the defendants from this case and (b) several new defendants. See Dist. Ct. Civ. No. 1:21-cv-01815. That complaint stated that all the claims in that new case arose after Appellants filed this case. In April 2023, the District Court dismissed that new case without prejudice for failure to effect service. Appellants have taken no further action in that case.

Appellants do not argue that the complaint in that new case was intended to serve as the SAC in this case. To the extent that Appellants nevertheless ask us to "exercise jurisdiction" over that case, that request is denied, for that case is not properly before us.

[4] The District Court, in its December 2021 order denying Appellants' motion to recuse the presiding District Judge, indicated that the SAC represents an opportunity for Appellants "to correct the defects with their pleading such that they might pursue the[] [dismissed] claims further, if they so choose. [Appellants] are not *obligated* to file [a SAC]." Dist. Ct. Dkt. No. 162, at 4-5 (emphasis added). Accordingly, instead of filing a

We have considered the various arguments raised in Appellants' briefing and conclude that none has merit.[5]  Accordingly, and in view of the above, we will affirm the District Court's judgment.  Appellants' motion to impose sanctions against certain appellees is denied.

---

SAC, Appellants could have told the District Court that they wished to abandon the dismissed (but potentially curable claims) and proceed solely on the claims in the first amended complaint that had survived dismissal.  But Appellants did not do so, and, aside from filing an improper interlocutory appeal, they took no action in the District Court in the approximately 20 months between the entry of that December 2021 order and the District Court's dismissal of the case in August 2023.  Furthermore, Appellants do not aver in their briefing here that they wanted to abandon the dismissed claims and proceed solely on what remained of their first amended complaint.

[5] To the extent that Appellants allege that the presiding District Judge was biased against them, we see no evidence of any basis.  See Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").  And to the extent that Appellants challenge the District Court's December 2021 order denying their motion to recuse the District Judge, we see no reason to disturb that order.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .");  see also United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013) (reviewing district court's denial of recusal motion for abuse of discretion).