**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1213
_____

In re: JASON PARMER,
Debtor,

v.

STEVEN D'AGOSTINO,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:23-cv-01670)
District Judge: Honorable Robert Kirsch

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: August 25, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven D'Agostino appeals the District Court's order dismissing his appeal from orders of the United States Bankruptcy Court for the District of New Jersey. Those orders had confirmed Debtor Jason Parmer's bankruptcy plan, denied D'Agostino's motion to dismiss Parmer's bankruptcy petition, and denied D'Agostino's motion to reconsider. For the following reasons, we will affirm the District Court's judgment.

I.

D'Agostino was a creditor in Parmer's bankruptcy petition because of a pending employment-discrimination suit against Parmer and related parties. See D'Agostino v. Parmer, No. 23-1670, 2024 WL 1197767, at *1. D'Agostino moved to dismiss Parmer's petition in the Bankruptcy Court as having been filed in bad faith. See id. The Bankruptcy Court held a hearing on Parmer's bankruptcy plan and D'Agostino's motion, after which it confirmed the plan and denied the motion to dismiss. In re Parmer, 23-1670, 2025 WL 43353, at *1. It also denied D'Agostino's motion for reconsideration of that order. Id. D'Agostino appealed to the District Court. Id.

On January 7, 2025, the District Court sua sponte dismissed the appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8009, which requires the record on appeal to include "any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4). The Rule further provides that that an appellant is required to order "a transcript of such

2

parts of the proceedings not already on file as the appellant considers necessary for the appeal" and that "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and a copy of all relevant exhibits." Fed. R. Bankr. P. 8009(b)(1); (b)(5).

D'Agostino declined to provide transcripts of the Bankruptcy Court oral arguments, asserting that the transcripts were not necessary for the District Court to review the orders. The District Court disagreed with his assertion, finding that without the relevant transcripts, it could not review the challenged orders on the merits. Parmer, 2024 WL 1197767, at *2. The District Court issued an order requiring D'Agostino to provide the transcripts or show cause as to why the appeal should not be dismissed. Id. at 3. D'Agostino moved to have the transcripts provided at the Government's expense because he was proceeding In Forma Pauperis. Id. at 3-4.

The District Court directed the parties back to the Bankruptcy Court to determine whether the appeal was not frivolous and presented a substantial question as required to receive Government-provided transcripts pursuant to 28 U.S.C. § 753(f). Id. at 4. After the Bankruptcy Court deemed the appeal frivolous, and D'Agostino failed to file the transcripts, the District Court considered the factors in Poulis v. State Farm Fire and

3

<u>Casualty Company</u>, 747 F.2d 863 (3d Cir. 1984), and concluded that dismissal was warranted.  <u>See</u> <u>id.</u> at 4-10.  This appeal followed.[1]

## II.

Because D'Agostino's brief fails to address how the District Court's abused its discretion in its review of the relevant <u>Poulis</u> factors, he has likely forfeited appellate review of the District Court's determination.[2]  <u>See</u> <u>Lara v. Comm'r Pa. State Police</u> 125 F.4th 428, 432 n.5 (3d Cir. 2025) (reiterating that "an issue is [forfeited] unless a party raises it in its opening brief" (quotation marks omitted)); <u>see also</u> <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 182 (3d Cir.1993).

Nevertheless, in an abundance of caution, we have examined the District Court's opinion explaining its dismissal and cannot say that the District Court abused its discretion in applying the <u>Poulis</u> factors and dismissing the case for failure to comply with Rule 8009.  The factors a District Court must weigh under <u>Poulis</u> are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness

---

[1]  This matter was submitted on the Appellant's brief only.  We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291.  We review the District Court's order for abuse of discretion.  <u>See</u> <u>Jewelcor Inc. v. Asia Com. Co., Ltd.</u>, 11 F.3d 394, 397 (3d Cir. 1993).

[2]  D'Agostino's brief focuses on alleged errors committed by the Bankruptcy Court, but those issues are not before us.

4

of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." 747 F.2d at 868. A District Court must also consider whether the Appellant was provided with notice and an opportunity to respond. See In re Harris, 464 F.3d 263, 265 (2d Cir. 2006).

Here, the District Court's order provided an analysis of the Poulis factors as required, with a particular focus on whether any other sanction would be appropriate. See Palmer, 2025 WL 43353, at 8-9. We have examined the District Court's analysis and perceive no basis for concluding that dismissal of the appeal was an abuse of discretion. Accordingly, we will affirm the District Court's judgment.