**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3589
_____

CHRISTIE B. JORDAN,
                                        Appellant

v.

AT&T; UNIVERSITY OF PITTSBURGH MEDICAL CENTER, ALTOONA, PA;
GOOGLE, INC. USA; TWITTER/X CEO ELON MUSK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:25-cv-00071)
District Judge: Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: May 14, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Christie Jordan appeals the District Court's dismissal of her complaint for failure to prosecute. We will affirm the District Court's judgment.

Jordan, proceeding pro se and in forma pauperis, filed a complaint against AT&T and others in the United States District Court for the Western District of Pennsylvania. She alleged "Bioweapons, Identity Theft, Assaulted with kidnapping, def[a]mation of character," and that she sustained injuries, including the removal of her gallbladder and "crisis." The District Court, screening the complaint under 28 U.S.C. § 1915(e)(2), determined that the complaint was "deficient in both law and fact" and that it contained no plausible cause of action. The District Court dismissed the complaint without prejudice and directed Jordan to provide an amended complaint on or before October 6, 2025.

When Jordan did not submit a timely amended complaint, the District Court issued a show-cause order, directing Jordan to show cause by November 9, 2025, as to why her case should not be dismissed for failure to prosecute. The District Court stated that any response to the order needed to include an amended complaint, and it warned that failure to respond to the order could result in dismissal for failure to prosecute.

Jordan did not comply with the District Court's order. Instead, on November 12, the District Court received a letter from Jordan, in which she requested a court date to present her case before the Judge, stated that she was trying to print out thousands of pages of "civil codes," and listed several of these "civil codes," including those for

murder, cyber espionage, bioweapons, identity theft, and abuse of power. The District Court applied the *Poulis* factors and subsequently dismissed the action with prejudice for failure to prosecute.[1]

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the District Court's dismissal for failure to prosecute for abuse of discretion. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 131 (3d Cir. 2019).

We discern no abuse of discretion in the District Court's determination that the *Poulis* factors weighed in favor of dismissal. The District Court gave Jordan two opportunities to cure the deficiencies in her complaint and warned her that failure to comply could result in dismissal with prejudice. While Jordan indicated that she had issues printing "civil codes," she did not otherwise explain why she could not file her amended complaint.[2] The District Court's attempted lesser sanction—warning Jordan that future failures to file may result in dismissal with prejudice—was ineffective. And as

---

[1] Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute after considering six factors: a party's personal responsibility, resulting prejudice to the adversary, any history of dilatoriness, whether the party's conduct was willful or in bad faith, the effectiveness of sanctions rather than dismissal, and the meritoriousness of the party's claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

[2] Jordan suggests in her appellate brief that she did not file her amended complaint "[d]ue to hospitalization," but she did not present this argument in the District Court. *See Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 149 (3d Cir. 2016) (explaining that generally, a federal appellate court does not consider an issue not decided below, especially if it requires fact finding or the exercise of discretion).

the District Court reasonably noted, because Jordan was proceeding in forma pauperis, it was "unlikely that any sanction imposing costs or fees upon her would be effective." Finally, as the District Court explained, Jordan had yet to assert any viable cause of action. Thus, the District Court did not err in dismissing Jordan's complaint with prejudice.

In light of the above, we will affirm the District Court's judgment.